IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY WAYNE STOKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 3:19cv634-MHT-WC |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

Before the court is petitioner Bradley Wayne Stokes's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Doc. No. 1. In June 2009, Stokes pled guilty to several federal firearm offenses, including three counts of violating 18 U.S.C. § 922(g), which prohibits possession of a firearm by a convicted felon. *See* Case No. 3:08-cr-189-MHT. On June 10, 2010, the district court sentenced Stokes to 200 months in prison.[1] Stokes took no direct appeal. He later filed an initial motion under 28. U.S.C. § 2255, and it was denied on October 14, 2014. *See* Civil Action No. 3:12cv925-MHT.

Stokes has now filed the present § 2255 motion challenging his convictions for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). He appears

---

[1] Stokes received neither an Armed Career Criminal Act nor career offender sentencing enhancement.

to argue that his § 922(g) convictions should be vacated based on a "new rule of law" announced in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), which requires that the government prove that a defendant knowingly violated each material element of § 922(g). *See* Doc. No. 1 at 4. Stokes maintains that the holding in *Rehaif* has been made retroactive to cases on collateral review.[2] *Id.* Stokes also argues that his sentence should be reduced based on his post-sentencing rehabilitative measures. Doc. No. 1 at 5. For the reasons that follow, Stokes's motion is due to be dismissed as a successive § 2255 motion filed without the required appellate court authorization.

## II. DISCUSSION

Stokes has filed a previous § 2255 motion challenging his § 922(g) convictions. He filed his first § 2255 motion in October 2012. *See* Civil Action No. 3:12-cv-925-MHT (Doc. No. 1). On October 14, 2014, this court denied Stokes's § 2255 motion and dismissed the action with prejudice on grounds that the motion was time-barred under the one-year limitation period in 28 U.S.C. § 2255(f).[3] *Id.* (Doc. Nos. 10, 11 & 12 [Recommendation of Magistrate Judge; Opinion Adopting Recommendation; and Final Judgment]).

---

[2] This court notes that the Eleventh Circuit has stated that *Rehaif* did not announce a new rule of constitutional law and that *Rehaif* has not been made retroactive to cases on collateral review. *See In re Palcios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

[3] In July 2018, Stokes filed what he styled as a motion to correct plain error, in which he attacked the same convictions attacked in his first § 2255 motion and in this § 2255 motion. *See* Civil Action No. 3:18-cv-629-MHT (Doc. No. 2).This court construed Stokes's motion to correct plain error as a § 2255 motion and dismissed the case for lack of jurisdiction because Stokes had not obtained authorization from the Eleventh Circuit to file a successive § 2255 motion. *Id.* (Doc. Nos. 3, 4 & 5 [Recommendation of Magistrate Judge; Opinion Adopting Recommendation; and Final Judgment]).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

"The bar on second or successive [§ 2255] motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). For purposes of the AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion successive. *See, e.g., Villanueva v. United States*, 346 F.3d 55, 59–61 (2d Cir. 2003) ("We . . . hold that a first § 2255 petition that has properly been dismissed as time-barred under AEDPA has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for

purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

Stokes has not provided the required certification from the Eleventh Circuit, and there is no indication in the record that Stokes has obtained the required certification authorizing this court to consider his successive § 2255 motion. Accordingly, this court lacks jurisdiction to consider Stokes's successive § 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be dismissed for lack of jurisdiction, as Stokes has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **September 20, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues

covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 6th day of September, 2019.

 /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE